# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 11-00582 TUC-DCB (LAB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Laroy Williams, | |
| Defendant. | |

This matter was referred to the Magistrate Judge to conduct an evidentiary hearing on the Government's Petition to Revoke Supervised Release, filed on January 4, 2016. The petition alleges that the defendant: (B) failed to report to the probation officer on 8/12/15, 12/8/15 and 12/23/15, as directed; (C) used amphetamine on 8/19/15 and amphetamine and marijuana on 12/16/15; and (D) failed to show for substance abuse evaluations scheduled on 8/19/15 and on 12/29/15.[1] An evidentiary hearing was conducted on March 21, 2016. The Government presented one witness, United States Probation Officer (USPO) Elizabeth Pereira. Government's exhibits 2 and 3 were admitted.[2] Defendant Williams was present and represented by counsel.

**I.   Findings of Fact**

On May 4, 2011, Defendant was sentenced to 15 months in the Bureau of Prisons followed by 36 months of supervised release for conspiracy to transport illegal aliens for profit. On January 26, 2015, his supervised release was revoked due to arrests for aggravated assault and possession of marijuana. He was sentenced to time served (77 days) with 24

---

[1] Allegation A of the Petition was dismissed by the Government at the hearing.

[2] Exhibit 3 was admitted over Defendant's objection.

months of supervised release to follow. Among the conditions of Defendant's supervised release were: Standard Condition #3, that he report to the probation officer as directed; Standard Condition #9, that he refrain from using any controlled substances; and Special Condition #1, that he participate in a substance abuse treatment program as instructed by the probation officer.

USPO Elizabeth Pereira testified that on 4/3/15 she reviewed the defendant's conditions of supervised release with him while he was at the residential re-entry center in Florence, AZ. She read the conditions to the defendant, checking to be sure he understood each condition and asking if he had any questions. His only question was when he would be released from the residential re-entry center. The defendant initialed each special condition and both the USPO and the defendant signed the conditions. (Ex. 2).

**Standard Condition # 3** - USPO Pereira testified that on 8/3/15 she conducted a home visit with Defendant Williams and made an appointment for him to report on 8/12/15 to the Pinal County Probation Office in Casa Grande, AZ. Williams did not show. On 11/8/15 Pereira made an appointment with the defendant for 12/8/15. On that date, Defendant Williams called to ask what time he was scheduled to report to the office in Casa Grande. The time was confirmed. Williams did not show. On 12/6/15, USPO Pereira met with Defendant and scheduled an appointment for 12/23/15. On 12/22/15, Williams contacted Pereira to report he had law enforcement contact. The appointment was confirmed to take place the next day in Tucson. Williams did not show.

The probation officer was aware that Defendant Williams lived in Eloy, about 10 miles from Casa Grande, and that he had transportation problems. She drove past Eloy to get to Casa Grande and visited Williams at home on other occasions.

**Standard Condition # 9** - On 8/19/15, USPO Pereira spoke with the defendant on the phone. He admitted that he had used methamphetamine. They discussed a referral to a substance abuse treatment program. On 8/20/15, the defendant and the USPO met at Defendant's home. He signed an admission form indicating that on 8/19/15, he admitted use

of a controlled substance, methamphetamine, on 8/14/15. (Ex. 3) They again spoke about a referral for treatment.

**Special Condition # 1** - After USPO Pereira and Defendant Williams discussed Defendant's use of methamphetamine, on 8/19/15, he was referred for substance abuse treatment through Helping Associates, a treatment provider in Casa Grande. Williams attended the intake appointment on 8/24/15. An evaluation was scheduled for 9/24/15. Williams did not call and did not show. The USPO told him to schedule another evaluation. Defendant Williams asked if he could be evaluated at Pinal Hispanic because he had transportation problems and Pinal Hispanic is located in Eloy. Although the probation department does not have a contract with Pinal Hispanic, USPO Pereira gave her approval. An evaluation was scheduled for 12/29/15. Williams did not call and did not show.

**II.   Conclusions of Law**

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir. 2000), *cert. denied*, 531 U.S. 999, 121 S.C. 498 (2000); *see also* 18 U.S.C. § 3583(e)(3).

Having considered the testimony, exhibits, and arguments of counsel, the Magistrate Judge finds by a preponderance of the evidence that Defendant violated his conditions of supervised release.

**III.   RECOMMENDATION FOR DISPOSITION BY THE DISTRICT COURT JUDGE**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 57.6(d)(4), LRCrim, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent review of the record, find that the Defendant violated Standard Conditions Nos. 3 and 9, and Special Condition No. 1 of his terms of supervised release by failing to report to the probation officer as directed, using methamphetamine and failing to show for substance

abuse evaluations as instructed. It is further recommended that the District Court schedule a disposition hearing for **May 9, 2016, at 10:30 a.m.**

Pursuant to 28 U.S.C. § 636(b)(1)(B), defense counsel may serve and file written objections to these findings and recommendations with the District Court within 14 days. Thereafter, the government has ten (10) days within which to file a response to the objections. If objections are not timely filed, the party's right to de novo review may be waived. No reply shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

Dated this 28th day of March, 2016.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge